CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 14 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LILLIE HOWARD, | ) |
| Plaintiff, | ) Case No. 4:23-cv-00016 |
| v. | ) **MEMORANDUM OPINION** |
| IMPOSSIBLE FOODS INC. and NASHVILLE QUALITY, LLC d/b/a Burger King, | ) By:   Hon. Thomas T. Cullen<br>) United States District Judge |
| Defendants. | ) |

When Plaintiff Lillie Howard ("Howard") bought lunch at a local Burger King, she expected to get what she ordered: a meatless burger known as an "Impossible Whopper." Instead, she alleges that her Impossible Whopper contained something extra: shards of glass. When Howard unwittingly swallowed the glass, she lacerated the inside of her throat. Howard has now sued both the manufacturer of the meatless burger and the restaurant that sold it to her, contending that at least one of them was negligent by allowing glass to make its way into her food. The manufacturer now moves to dismiss the claims against it, contending that, because Howard doesn't know how the glass got into her Impossible Whopper, she has no cause of action against it. Because this argument misunderstands Howard's allegations and misapplies the applicable standard of review, the manufacturer's motion to dismiss will be denied.

## I.   STATEMENT OF FACTS

On May 31, 2022, Howard visited the Burger King on Bill Tuck Highway in South Boston, Virginia, and purchased "a vegetarian burger made by Defendant" Impossible Foods

Inc. ("IFI"). (Am. Compl. ¶¶ 9–10 [ECF No. 7].) She took the meal home and began to eat, but after several bites, "began to feel a searing pain in the back of her throat and a constricted choking sensation." (*Id.* ¶¶ 11–12.) Her daughter took her to the emergency department at a nearby hospital where "it was discovered that she had a large hematoma in her throat of unknown origin." (*Id.* ¶ 13.)

After she was discharged, Howard returned home and examined her half-eaten burger (*Id.* ¶¶ 14–15.) Upon inspection, she "discovered multiple fragments of glass embedded in the burger." (*Id.* ¶ 15.) As a result of swallowing the glass shards, Howard contends she has "suffered lasting injuries, including the loss of her voice, inability to eat solid food, pain, suffering, emotional distress, nightmares, and an aversion to store-bought prepared food." (*Id.* ¶ 17.)

On June 28, 2023, Howard brought suit in this court against IFI, the manufacturer of her vegetarian burger (*id.* ¶ 10), and Nashville Quality, LLC, the owner and operator of the Burger King from which Howard purchased the burger (*id.* Intro.), alleging claims of "Negligence/Gross Negligence/Willful and Wanton Negligence" (Count 1) and breach of the implied warranty of merchantability (Count 2). IFI filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Howard's complaint fails to state a claim against it. (Mot. Dismiss at 1 [ECF No. 21].) The motion was fully briefed by the parties and is ripe for disposition.[1]

---

[1] The court dispenses with oral arguments because the parties' positions are adequately set forth in their written submissions and further argument would not aid the court in deciding the discrete issue before it.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. Negligence

IFI argues that, "[u]nder Virginia law, [Howard]'s claim fails as a matter of law because there are no allegations to demonstrate IFI's negligence was the proximate cause of the claimed harm, and there are no facts to support a presumption of negligence through the application of the *res ipsa* doctrine." (Br. Supp. Mot. Dismiss. at 1, Aug. 11, 2023 [ECF No. 22] [hereinafter "IFI Br."].) Although IFI is likely correct (though potentially premature) on its second point, it is wrong on its first.

"[W]here a plaintiff allegedly suffers injury from a deleterious substance in food, the burden is on the plaintiff to show that the food product contained foreign matter at the time

the retailer sold and delivered the product to the consumer." *Harris-Teeter, Inc. v. Burroughs*, 241 Va. 1, 3–4 (Va. 1991). "Thus, in a negligence action such as this one based on 'unwholesome food,' the burden is on the plaintiff to show (1) that the food was unreasonably dangerous for consumption, and (2) that the unreasonably dangerous condition existed when the [food] left the defendant's hands." *Phipps v. Ruby Tuesday, Inc.*, Civil Action No. 7:12-cv-401, 2013 WL 593483, at *1 (W.D. Va. Feb. 15, 2013) (cleaned up).

"The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labelled warranty or negligence or strict tort liability: the product must not be unreasonably dangerous at the time that it leaves the defendant's possession if employed in the manner in which it was intended to be used or put to a special use known beforehand by the defendant." *Chestnut v. Ford Motor Co.*, 445 F.2d 967, 968 (4th Cir. 1971). "The only difference between negligence and strict tort liability is that the plaintiff attempting to prove negligence must prove an additional element, i.e., not only that the product was dangerously defective at the time that it left the defendant's hands, but also that the defect was the result of the defendant's failure to exercise due care." *Id.* at 969.

IFI argues that Howard's "allegations fail to explain how or when the glass got into the burger, and the circumstances do not support the application of the *res ipsa* doctrine or an inference of negligence." (IFI Br. at 5.) Because Howard's complaint demonstrates that the burger "was not in IFI's exclusive possession or control," IFI contends her "allegations are insufficient to explain the process from manufacture, to delivery, to distribution, to cooking and packing at the restaurant." (*Id.*)

Here, Howard alleges that her burger contained glass, a dangerous substance that should not have been in her food. She alleges that, "[b]y manufacturing, preparing, and/or serving a burger filled with shards of glass . . . , Defendants breached their duty to" her. (Am. Compl. ¶ 22.) She also states that "[t]he facts and circumstances explaining how broken glass could come to fill a burger are unknown at this stage, but the possibilities range from the intentional sabotage of the burger by an employee to the willful disregard of the likelihood that the burger had been contaminated." (*Id.* ¶ 28.) Howard further makes the point that "[i]t is improbable . . . that an accident involving glass would not have involved one or more of either Defendant's employees in either the accident that broke the glass or in cleaning up the broken glass that self-evidently was in a food preparation or manufacture area." (*Id.* ¶ 29.) And she says, "[u]pon information and belief, one or more employees of either Defendant had either active or constructive consciousness that a dangerous glass-contaminated burger might be served to a customer." (*Id.* ¶ 30.) As it relates to IFI, then, Howard alleges that: an accident or sabotage occurred during the manufacture of the vegetarian burger; its employees knew or should have known of the accident; IFI's employees failed to remedy the situation; and as a result, it shipped a glass-filled burger to Burger King, who, in turn, sold it to Howard. These allegations are more than sufficient to state a claim against IFI. *See, e.g.*, Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

IFI takes issue with the fact that Howard pleads that *either* IFI *or* Nashville Quality, LLC were responsible for the accident or sabotage that resulted in glass in her food. IFI argues that "[b]ecause the allegations concede it is just as probable that the damages were caused by

- 5 -

someone other than IFI and further fails to identify what IFI did or failed to do to cause the damages, the Complaint fails to state a plausible claim for relief." (IFI Br. at 5.) This is wrong. IFI conflates Howard's burden of proof with the pleading requirements. If her *proof at trial* results in it being just as likely that another party caused her injury, then IFI may be entitled to prevail. But that is not the standard to be applied at this point, as it is well-established that a party "may plead alternative theories of liability—indeed, 'as many theories as the facts will fit.'" *Tilson v. Humphrey*, Civil Action No. 5:19-CV-033, 2019 WL 6902677, at *10 (W.D. Va. Dec. 18, 2019) (quoting *United States for use & benefit of Tusco, Inc. v. Clark Constr. Grp., LLC*, 235 F. Supp. 3d 745, 755 (D. Md. 2016)). And a plaintiff is free to "set out conflicting alternative theories in its complaint without one constituting an admission against the other." *Zee Co., Inc. v. Williams, Mullen, Clark & Dobbins, P.C.*, 547 F. App'x 166, 168 n.3 (4th Cir. 2013) (citing Fed. R. Civ. P. 8(d)(2)). That is exactly what Howard has done, and there is no basis to dismiss her claims against IFI for that reason.

Howard may not yet have proven her case, but requiring her to do so at the pleading stage, as IFI suggests, would be error. No reasonable interpretation of the Federal Rules of Civil Procedure requires that a plaintiff *know* exactly how its injury occurred and allege that with the requisite specificity that IFI asserts is required.

IFI also argues that any claim for gross negligence or willful and wanton negligence must fail because Howard "cannot allege how or **when** the burger became contaminated with glass," and therefore "cannot in good faith purport to allege that it was done out of an utter disregard of prudence or with conscious disregard of the safety of another." (IFI Br. at 6.) This argument only has merit if it ignores Howard's allegations. She clearly alleges that the

glass may have been the result of an accident during the manufacturing process of which IFI's employees were aware, but that they failed to take care to clean up the dangerous detritus. (*See* Am. Compl. ¶ 25.) Such callousness on the part of a food manufacturer would certainly evidence "a complete neglect of the safety" of others, establishing gross negligence, and "reckless indifference" to the health and safety of the consumers, establishing willful and wanton negligence. *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487 (Va. 2004) (citing *Koffman v. Garnett*, 265 Va. 12, 15 (Va. 2003); *Etherton v. Doe*, 268 Va. 209, 213–14 (Va. 2004)).

IFI also contends that the doctrine of *res ipsa loquitur* does not apply here. "Generally speaking, that doctrine applies in negligence cases where the instrumentality which caused an injury is within the exclusive possession and control of the person charged with negligence, and such person has, or should have, exclusive knowledge of the way that instrumentality was used, and the injury would not ordinarily have occurred if it had been properly used." *Danville Comm. Hosp. v. Thompson*, 186 Va. 746, 757–58 (Va. 1947). "[T]he mere fact that an accident occurred does not warrant application of the doctrine. It may be utilized only when the circumstances of the incident, without further proof, are such that, in the ordinary course of events, the incident could not have happened except on the theory of negligence." *Lewis v. Carpenter Co.*, 252 Va. 296, 300 (Va. 1996). "*Res ipsa loquitur* 'never applies in the case of an unexplained accident that may have been attributable to one of two causes, for one of which the defendant is not responsible.'" *Phipps*, 2013 WL 593483, at *1 (quoting *Lewis*, 252 Va. at 300).

Here, IFI is correct that the doctrine of *res ipsa* is inapplicable to establish negligence on the facts alleged. The burger in question is alleged to have been in the possession of two

different defendants, but as Howard concedes, only one may be responsible for the shards of glass. Because the incident "may have been attributable to one of two causes, for one of which the defendant is not responsible," *Lewis*, 252 Va. at 300, *res ipsa* does not serve to establish negligence by either party. But this argument is premature because Howard has not had the opportunity to conduct discovery regarding her claims to determine which defendant bears primary responsibility for her injuries. If she can establish that the shards of glass could *only* have been introduced into the hamburger during IFI's manufacturing process, *res ipsa* might very well serve to establish negligence against IFI if Howard is unable to show *how* the glass got there.

Even if IFI is correct that *res ipsa* does not apply, that does not change the outcome of its present motion. Howard's allegations, taken as true, would state a claim for negligence regardless of the application of the *res ipsa* doctrine. Because she alleges, as discussed above, that glass was introduced into her food either through an accident or sabotage that IFI should have known about in the exercise of due care, her complaint is sufficient on its own without the presumption of negligence that would be afforded by *res ipsa*.

### B. Breach of Implied Warranty

"In the context of unwholesome food," the elements of the causes of action for negligence and breach of warranty are the same: "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Bussey v. E.S.C. Rests., Inc.*, 270 Va. 531, (Va. 2005) (quoting *Harris-Teeter*, 241 Va. at 4); *see also Hamilton v. Boddie-Noell Enters., Inc.*, 88 F. Supp. 3d

588, 592 (W.D. Va. 2015) ("Under Virginia law, claims of negligence or breach of warranty involving unwholesome food require the same showing . . . ."). For the same reasons discussed above, Howard's allegations against IFI are more than sufficient to state a claim for breach of warranty, and IFI's motion to dismiss will be denied.

### C. Punitive Damages

IFI also seeks to dismiss Howard's claim for punitive damages, but "punitive damages is not a 'cause of action' subject to dismissal under Rule 12(b)(6)." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014) (citations omitted). "A plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." *Janis v. Nelson*, No. CR. 09-5019-KES, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted). "Because 'a demand for relief is not part of a plaintiff's statement of the claim,' the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." *Charles*, 21 F. Supp. 3d at 631 (quoting *Alexander v. Se. Wholesale Corp.*, 978 F. Supp. 2d 615, 624 n.7 (E.D. Va. 2013)). Accordingly, IFI's motion to dismiss Howard's punitive damages request will be denied.

### IV.  CONCLUSION

For the reasons discussed above, Howard's allegations are more than sufficient to state a claim for negligence and breach of warranty against IFI at this early stage, and IFI's motion to dismiss will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 14th day of November, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE